UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERVEILLE MANGUARDA
KASHAMA,

                    Petitioner,

        v.

TODD BLANCHE, et al. ,

CASE NO. 2:26-cv-02061-BAT

**ORDER GRANTING PETITION
AND DIRECTING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) his immediate release him from immigration detention; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1.      Petitioner, a citizen of The Democratic Republic of Congo, entered the United States about March 19, 2023. Respondents issued a Notice to Appear that stated Petitioner was "an alien present in the United States who has not been admitted or paroled." On March 21, 2023, Petitioner was released on an Order of Release on Recognizance (OREC). About December 25, 2025, Petitioner was arrested in Des Moines, Washington for DUI. He was released and the charge is pending. On June 2, 2026, Petitioner reported to the Seattle ICE Field Office, was arrested and transferred to the Northwest ICE Processing Center where he remains

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 1

detained. Petitioner claims although he timely filed an application for asylum, has received employment authorization, his removal proceedings remain pending, he has no history of law violations other than the DUI arrest, has developed ties to his community Respondent's arrested him without notice or a hearing.

2.      Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 because he is an "applicant for admission" and thus an arriving alien. The Court rejects the contention. Petitioner has lived in the United States for over three years. Respondents issued a Notice to Appear that lists three categories of aliens: (a) "arriving alien," (b) alien present in the United States who has not been admitted or paroled," and (c) alien "admitted to the United States but removable for specified reasons. Aliens who are enter the country without permission or authorization and are stopped at or near a port of entry are generally deemed to be arriving aliens subject to 8 U.S.C. § 1225. However, Respondents issued a Notice to Appear that states Petitioner is "an alien present in the United States who has not been admitted or paroled," not an "arriving alien." Petitioner was thus deemed to be subject to § 1226, not § 1225. Moreover, Petitioner was released pursuant to an OREC. Release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). And lastly, Petitioner has now lived in the United States for three years and thus is not an arriving alien seeking admission. The Court thus finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3.      Petitioner contends he was redetained in violation of due process. The parties suggest the Court should apply the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, the Court considers:

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 2

(1) the private interest affected by the official action;

(2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and

(3) the Government's interest and burdens additional procedural safeguards would entail. *Mathews.* at 334-35.

4.      Respondents acknowledge Petitioner has a liberty interest in continued freedom but suggests Petitioner's liberty interest is low because Respondent's released him pursuant to an OREC. The Court finds no logical connection between being released pursuant to an OREC and a low liberty interest and thus concludes factor one favors Petitioner. The risk of erroneous deprivation is high. Petitioner has lived in the United States for over three years and has been granted employment authorization. He was arrested for DUI in December 2025. The facts of his arrest are not presented but the state authorities released him indicating the state court did not view him as a risk of flight or a danger to the community. The record contains no indication Petitioner has other arrests or criminal convictions or that has engaged in conduct indicating he is a threat to the community or a risk of flight. The Court concludes the second factor favors Petitioner. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B, v. Wamsley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.      The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL),

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 3

2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.      Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.      Respondents shall **RELEASE** Petitioner from immigration detention within 24 hours of the date and time this order is filed. The Court denies the request to sculpt the exact conditions of release.

3.      Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.      The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

6.      As the Court is granting Petitioner immediate release, the Court issues this order in advance of the date by which Petitioner was entitled to file a reply to Respondent's traverse.

7.      The Clerk shall provide a copy of this order to all counsel.

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 4

DATED this 1st day of July, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
DIRECTING RELEASE - 5